## CARL v. THE GRANGER COAL CO.

69 519
[129 484

1. **Contract:** MINING LEASE: BREACH OF: DAMAGES. Defendant, as the lessee of coal land, agreed to commence work as soon as practicable, and to mine coal from plaintiff's land by June 1, 1885, providing there was found a workable vein of good, merchantable coal, and, in that case, to pay plaintiff a certain monthly royalty agreed upon. No coal was in fact found upon the land by any one, and defendant never made an effort to find any; and whether there was any coal, or a workable vein of coal, upon the land, though alleged in the petition to recover for a breach of the contract, was, in the nature of the case, a mere matter of conjecture. *Held*, that, since no coal had been found, there could be no recovery on account of defendant's failure to mine and pay royalty; and that for the failure to prospect for coal, the existence of which was unknown, nothing more than nominal damages could be recovered.

2. **Practice:** JUDGMENT NOTWITHSTANDING VERDICT. Where the jury returns a verdict for substantial damages for plaintiff, when he is entitled to only nominal damages. it is reversible error for the court to sustain a motion for judgment for the defendant notwithstanding the verdict. A motion for new trial is the proper remedy in such a case. *Watson v. Van Meter*, 43 Iowa, 76, distinguished.

*Appeal from Keokuk Circuit Court.*

WEDNESDAY, OCTOBER 13.

ACTION on a lease, and to recover damages for a failure to perform the conditions of the lease. Trial by jury. Verdict for the plaintiff for $28.75. Upon motion of the defendant judgment was rendered for it notwithstanding the verdict. The plaintiff appeals.

*Ed. Jackson* and *Sampson & Brown*, for appellant.

*Mackey & Fonda* and *G. D. Woodin*, for appellee.

SEEVERS, J.—The petition and amendment thereto state that in April, 1884, the parties entered into a contract in writing, which is made a part of the petition, whereby the plaintiff leased to the defendant certain described land for the purpose of mining coal thereon, and that defendant agreed, if there was a workable vein of good, merchantable coal on said land, to mine coal thereon, commencing the first day of June, 1885, and thereafter pay the royalty agreed upon; that there is a workable vein of good, merchantable coal on said land, and that, if defendant had commenced mining the same at the time agreed upon, and worked said mine with reasonable diligence, as it was legally bound to do under said contract, it would have mined coal therefrom, so that the royalty thereon, at the contract price, due plaintiff July 20th, would have amounted to the sum of $250, and that the royalty due plaintiff in August, 1885, would have been $250; but that defendant, disregarding the said obligation, failed and neglected to commence work on said land as soon as practicable, (as it had agreed to do,) and in fact failed to commence work at all thereon, to the damage of the plaintiff in the sum of $500. The contract, made a part of the petition, contains this provision: "It is further understood" that the defendant "agrees to commence work as soon as practicable, and will mine coal from" the plaintiff's land "by June 1, 1885, providing there is found a workable vein of good, merchantable coal." The defendant pleaded a general denial and a counter-claim.

*1. CONTRACT: mining lease: breach of: damages.*

Upon the coming in of the verdict in favor of the plaintiff, the defendant moved the court to arrest the judgment, and to render judgment in its favor notwithstanding the verdict, upon the ground that it was not stated in the petition that coal had been "found," or that defendant had failed to use ordinary diligence, skill and judgment in making efforts to find coal. Did the court err in sustaining the motion, is the question we are required to determine.

It sufficiently appears that no coal was mined, and that the defendant failed to commence work on the land to find coal, and the defendant agreed to pay the royalty only in case there was "found a workable vein of good merchantable coal." It is clear, therefore, that this action is brought to recover damages sustained by the failure of the defendant to mine the coal and pay the royalty. Now, what is the measure of damages? It is stated that there is in existence a good, merchantable vein of coal. But it does not appear that it has been found. It is well known that coal underlies the surface of the land, in some instances, several hundred feet, and in others the distance is less. Its existence, or, if it does exist, whether it can be profitably worked, is always doubtful and uncertain. As it does not appear that coal has been found by actually boring or excavating the ground, the statement in the petition that there exists a workable vein of coal is immaterial, because it is physically impossible to know that such fact exists. No reliance whatever can or should be placed on such a statement.

Besides this, the defendant only contracted to pay in case a workable vein of merchantable coal was found. By this the parties evidently understood an actual finding. This effort the defendant failed to make. It must be assumed, under the petition, that it did nothing, and yet it agreed to commence work as soon as practicable. It was, we shall assume, a question for the jury whether such period had elapsed when this action was commenced. If there is no coal under the surface of the leased land, the plaintiff had

been in no respect damaged by this failure of the defendant. Certain it is that none has been found, and on this condition only did it agree to pay. No provision is made in the lease as to what the rights of the parties would be in case the defendant failed to prospect for coal. The contingency that has occurred might have been provided for, but it was not. Under the contract, we think a simple failure to prospect for coal, the existence of which is unknown, will not entitle the plaintiff to substantial damages, but that, at most, he is entitled to nominal damages only; and this we think he is entitled to recover, and that a technical cause of action is stated in the petition. As the jury found a verdict in favor of the plaintiff for substantial damages, did the court err in rendering judgment for the defendant? We think 2. PRACTICE: judgment notwithstanding verdict. this question must be answered in the affirmative, for the reason that, under the statute, it is only when the petition fails to show that the plaintiff is entitled to any relief that judgment on the finding of a jury in his favor can be arrested. Code, §§ 2650, 2842, 2843, 2859. When the verdict is excessive, a motion for a new trial is the only remedy.

It has been held that we would not reverse a case when the court erred in refusing a new trial when the party was entitled to recover nominal damages only. *Watson v. Van Meter*, 43 Iowa, 76. This case is distinguishable from that, because in the former the verdict was in favor of the defendant. Here the plaintiff is clearly entitled to judgment in his favor unless the verdict is set aside for some sufficient reason. This has not been done; and when such a motion is made, and comes on for hearing, it would be competent for the court to give the plaintiff the option of taking a judgment for a nominal amount. However this may be, it is sufficient for the present to know that the court erred in rendering judgment for the defendant.

REVERSED.