SELL, Respondent, vs. MISSISSIPPI RIVER LOGGING COMPANY,
Appellant.

*October 26 — November 13, 1894.*

*Pleading: Action, tort or contract? Deceit: Demand of judgment: Con-*
*tract induced by fraud: Performance: Waiver: Evidence: Agency.*

1. A complaint alleging the making of a contract by which plaintiff
   agreed to drive certain logs for defendant for $1,000; that plaintiff
   was induced to so agree by defendant's false and fraudulent state-
   ment, upon which he relied, that the number of the logs did not
   exceed 3,700; that the actual number thereof exceeded 11,000, and
   the expense of driving them was thereby greatly increased; that
   plaintiff drove all of the logs to the place agreed upon; and that a
   fair and reasonable compensation therefor was $4,000, for which
   amount judgment is demanded, with interest and costs,— is *held* to
   state a cause of action for damages for the deceit, and not upon
   contract, although it demands a judgment proper only in an action
   on contract.

2. If the defendant was in doubt as to the nature of the action, it
   should have moved to have the complaint made more definite and
   certain.

3. It appearing that the plaintiff did not discover, and could not by
   using due diligence have discovered, the falsity of the representa-
   tion until the logs were in the river with others in its care, and the
   drive was in progress, and it was impracticable to abandon them,
   the completion of the drive was not an affirmance of the contract
   or a waiver of his right to recover damages for the fraud, measured
   by what the work was reasonably worth.

4. The question being whether an agent of a corporation induced the
   making of a contract with it by false representations, evidence of
   what took place at and before the execution of the contract was
   admissible to show such false representations.

5. The authority of a person to make a certain contract for a corpora-
   tion being in issue, a question whether he had received any in-
   struction from the company or any of its officers, agents, or
   servants to make the contract, was objectionable as being too gen-
   eral in form and as calling for conclusions, and its exclusion was
   not error where he was allowed to state how he came to make the
   contract.

APPEAL from the Circuit Court for *Ashland* County. The complaint alleges, in substance, that March 21, 1893, the defendant, a corporation created for logging and lumbering, had a quantity of pine saw logs in and along the east fork of the Chippewa river, and by its agent entered into an agreement with the plaintiff to drive them below the railroad bridge at Glidden, Wis., and for the purpose of inducing the plaintiff to enter into such contract falsely and fraudulently stated, represented, and guarantied that the number of said logs was 3,700 by actual count and no more; that the logs were then covered up with three or four feet of snow; that, relying on such statement and representation, plaintiff promised and agreed to drive all the said logs lying as aforesaid, having defendant's mark thereon, for the sum of $1,000; that in the spring the plaintiff went with a crew to drive them, and soon thereafter ascertained that the number of the logs greatly exceeded 3,700, and reached the number of 11,617, whereby an increased crew and additional expense were required in driving them; that the inducement to enter into the contract was the representation, statement, and guaranty that the number of logs so to be driven did not exceed 3,700, and the plaintiff relied thereon; that he drove all the logs, 11,617, to the point mentioned, and that the fair, just, and reasonable price and compensation therefor is the sum of $4,000, for which the plaintiff demanded judgment, with interest and costs.

The defendant denied entering into the agreement, and alleged that if the plaintiff drove the logs under a contract it was not made by the defendant. It was further alleged that the plaintiff, July 14, 1893, at Glidden, drew his order or bill on the defendant, requesting it to pay one Schloss, receiver of Schloss, Adler & Co., $670 out of money coming to him for driving said logs; that an action was brought

to enforce payment of said order by the payee thereof against the defendant, and the same is pending; also, that an action was brought against plaintiff by one Spencer, August 1, 1893, and the defendant was garnished for the sum of $581.90, and the same was still pending.

Upon the trial before the court and jury, a special verdict was found, finding, by direction of the court, the corporate existence of the defendant, and that John Pearl entered into the written agreement for driving the logs of the defendant, in the name of the defendant; that the plaintiff drew the order mentioned in defendant's answer, and the pendency of an action thereon, and of the garnishee suit, as alleged in the answer, as well as that the plaintiff drew another order on the defendant, in favor of Lamoreux, Shea & Wright, for $330, July 14, 1893. The jury found (1) that John Pearl was the duly authorized agent of the defendant, as alleged, when he entered into the contract in question; (2) that it clothed Pearl with authority as its agent, and held him out as such at the time he entered into the contract; (3) that plaintiff entered into the contract with Pearl as defendant's agent, believing him to be such in good faith, and without notice; (4) that Pearl made the alleged false and fraudulent representation; (5) that plaintiff entered into the contract relying thereon and believing it to be true; (6) that the representation was false and fraudulent; (7) that Pearl knew it was false and fraudulent; (8) that the plaintiff could not have found it was false and fraudulent by using due diligence; (9) that the sum due for driving all the logs driven by him, including amounts assigned by him to the persons mentioned in the answer and the Spencer garnishee claim, was $3,606.64.

The court gave judgment on the verdict, deducting the amount of the two orders mentioned in the answer, leaving the amount $2,606.64, for which judgment was given for the plaintiff with costs, and stayed execution until the

determination of the garnishee action, providing that any sum recovered by Spencer therein should be deducted upon order of the court. The defendant appealed, and assigned various errors, noticed in the opinion, where other material facts are stated.

For the appellant there was a brief by *Jenkins & Jenkins,* and oral argument by *J. J. Jenkins.* They contended, *inter alia,* that having gone on with the work under the contract after discovering the fraud, the plaintiff waived the fraud and cannot recover excepting on the special contract. *Selway v. Fogg,* 5 Mees. & W. 83; *Saratoga & S. R. Co. v. Row,* 24 Wend. 74; *Nounnan v. Sutter Co. Land Co.* 81 Cal. 1. Where a party defrauded brings an action on the contract to enforce it, he thereby waives the fraud and affirms the contract. *Ferguson v. Carrington,* 9 Barn. & C. 59; *Kimball v. Cunningham,* 4 Mass. 502; *Whitney v. Allaire,* 4 Denio, 554; *Lloyd v. Brewster,* 4 Paige, 537.

For the respondent there was a brief by *Rossman & Foster,* and oral argument by *G. P. Rossman.*

PINNEY, J. 1. The contract mentioned in the complaint was in writing, and purported upon its face to have been made between the plaintiff and John Pearl for the defendant, the *Mississippi River Logging Company,* but was signed by Pearl in his individual capacity only, and included all logs having marks owned or controlled by that company and the Chippewa Logging Company; and it was stipulated that the plaintiff was to have the use of all dams and driving improvements of the defendant on the stream, free of charge, for the drive. The contract was in other respects as stated in the complaint. Considerable evidence was produced, bearing upon the question of Pearl's authority as the agent of the defendant to make the contract and represent the defendant in the transaction. There was sufficient evidence to support the verdict, and the motion

for a new trial, so far as based on the ground that the verdict was contrary to evidence, was rightly overruled.

2. The important question in this case is whether the complaint was rightly regarded by the circuit court as founded on the alleged fraud and deceit, or was on the contract. Objection was taken to the evidence offered and received tending to show fraud in making the contract, and to submitting to the jury the several questions embraced in the verdict on that subject; the defendant contending that the action was upon contract, and that as the plaintiff had assigned to the respective payees of the orders drawn by him on the defendant the entire contract price, $1,000, therefore there could be no recovery in his favor. The complaint is of commendable brevity, but the ambiguity of its allegations as to the nature of the action is such that it is far from being a precedent worthy of imitation. If the defendant had been in doubt as to what the complaint meant, it should have moved to make it more definite and certain; but it chose to take the risk of the construction the court might place upon it at the trial, and has no right to complain that it was surprised thereby. The defendant could easily have guarded against it. We think the court rightly held that the *gravamen* of the charge was fraud and deceit practiced by the defendant on the plaintiff as to the number of logs affected by the contract, and that the terms of the contract are stated by way of inducement, and not as of the substance of the complaint. It then states the making of the false and fraudulent representations to induce the plaintiff to enter into the contract, and upon the truth of which he relied, the increased expenses of the drive, and that the fair and reasonable compensation for driving the 11,617 logs was $4,000, and demands judgment for that amount, with interest and costs. The complaint ought not, we think, to have been held defective at the trial because the plaintiff demanded a judgment which

was proper only in an action on contract, and which was not a proper way in which to state his claim for damages.

The defendant contends that the plaintiff, having gone on with the work after discovering the fraud, waived it, and could not recover, except the special contract price of $1,000. The evidence tended to show that when the contract was made, owing to the situation of the logs and the great depth of snow, it was impossible to get at the number of them, and that the plaintiff did not discover the fraud until after the logs were in the stream, mingled with large quantities belonging to others then being driven by the plaintiff, when it was impracticable for him to repudiate the contract on the ground of fraud, and in fact not until the drive was progressing and had been nearly completed. The jury, under proper instructions, found that the plaintiff could not have found out the falsity of the representations by using due diligence. It is well established that one who has been drawn into executing a contract by fraudulent representations may affirm the contract after the discovery of the fraud, whether executed or executory, and sue and recover damages therefor; and so, also, when the contract is wholly or partially executed, he may bring his action for the damages, but cannot maintain an action depending for its maintenance upon a rescission of the contract. *Whitney v. Allaire*, 4 Denio, 554; *S. C.* 1 N. Y. 305; *Saratoga & S. R. Co. v. Row*, 24 Wend. 74; *Middleton v. Jerdee*, 73 Wis. 40, 41. This is not inconsistent with what was decided in *Selway v. Fogg*, 5 Mees. & W. 83, where the plaintiff discovered the fraud before entering upon the work, but proceeded to performance, and was not allowed to recover in *assumpsit* as on an implied contract. Whether he might have recovered as for deceit, if he had discovered the fraud after entering upon performance, was not in question in that action, though the court express an opinion against a recovery in such a case.

In the present case the plaintiff had no option, for when he discovered the fraud the logs, with others, were in the river under his care, and the drive was in progress and it could not be stopped. He could not safely abandon them, and it was impracticable to do otherwise than complete the drive. There could be no valid contract until it was ratified with a knowledge of the fraud; and if a party affirms a contract with knowledge of the fraud, he affirms it wholly, but not as a contract made in good faith. He does not thereby waive his claim for the damages caused by. the fraud. *Whitney v. Allaire*, 1 N. Y. 311, 312. In order to constitute a waiver, "there must be something equivalent to a ratification of the contract after discovery of the fraud; and this may be either by acts of express recognition of its binding force, or by allowing the other party to proceed upon it and change his position, or by the intervention of the rights and interests of innocent third persons. He may still bring an action for the damage sustained by being drawn into the contract." Bigelow, Fraud, 188. In Cooley, Torts, 505, it is said that: "Fraud may be waived by an express affirmance of the contract. Where an affirmance is relied upon, it should appear that the party having a right to complain of the fraud had freely, and with full knowledge of his rights, in some form clearly manifested his intention to abide by the contract and waive any remedy he might have had for the deception."

The only ground of ratification of the contract or waiver of the fraud relied on is the fact that after the plaintiff discovered the deception, and when abandonment of the contract was impracticable and could not have been resorted to without violation of the plaintiff's obligations to others, by reason of the circumstances stated, he completed the drive. He immediately after insisted on compensation upon the basis of what the work was reasonably worth. We think that his completion of the drive, under such cir-

Sell vs. Mississippi River Logging Co.

cumstances, was not an affirmance of the contract nor a waiver of his right to damages by reason of the fraud, and that, the contract having been induced by fraud, it is no obstacle to the recovery in this action of his damages, to be measured by what the work was reasonably worth. The complaint states the entire case substantially as made out, and, as the distinctions between forms of action have been abolished, we do not perceive any substantial objection to the allowance of damages on this basis. This rule was adopted in the equitable action of *assumpsit* under similar circumstances. *Bush v. Brooks*, 70 Mich. 446.

It was not error for the court to direct the jury to find that Pearl made the contract in question in the name of the defendant, for this really appears on its face. It was left to the jury, under proper instructions, to find whether he had any authority to do so; and evidence of what took place at and before the contract was executed, to show the fraudulent representation relied on, was rightly admitted. The two orders drawn by the plaintiff on the defendant were, in terms, express assignments to the parties in whose favor they were drawn of the amount due him therein named, and the plaintiff had judgment for the remainder of the damages, subject to the result of the garnishee action.

3. It was argued as error that the court refused to permit the witness Pearl to answer, against plaintiff's objection, whether he received any instructions from the *Mississippi River Logging Company*, or any of its officers, agents, or servants, to make the contract in question. The trial judge said, in substance, that he thought that was a litigated question, and the jury should pass on it; and he sustained the objection, saying to the witness, "You need not detail any conversation between you and Mr. Houston, but you can state generally how you came to make the contract." The witness then stated: "Mr. Houston came

to me, and said he had seen Mr. Weyerhauser [who was, it appears, the president of the company]. I came to make the contract on representations of Mr. Houston. I never talked with Mr. Weyerhauser about it." Houston was a witness, and testified fully at the trial. We think the question was too general in form, and to some extent calling for conclusions rather than facts; but we cannot see that the court improperly restricted the scope of the inquiry, to the prejudice of the defendant.

These remarks cover all the assignments of error to which the argument extended, and we find that none of the errors relied on furnishes cause for reversing the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.