JOHN D. JOHNSON, Respondent, v. NATIONAL UNION FIRE
　　INSURANCE COMPANY OF PITTSBURG, PENNSYL-
　　VANIA, a Corporation, Appellant.

(196 N. W. 553.)

**Appeal and error — judgment not rendered on reversal where there is some
　evidence tending to support verdict.**

　　Where there is some evidence tending to establish plaintiff's case, the Su-
　preme Court, in reversing judgment based on verdict for plaintiff because
　of insufficiency of evidence to sustain verdict, will not render judgment for
　defendant notwithstanding the verdict, but will remand the cause for a new
　trial.

　Opinion filed December 27, 1923.　Rehearing denied December 27, 1923.

　Appeal and Error, 4 C. J. § 3240 p. 1200 n. 31.

Appeal from the District Court of Hettinger County, *Lembke,* J.
　Defendant National Union Fire Insurance Company of Pittsburg,
Pennsylvania, appeals.
　Reversed.
　*Sullivan, Hanley & Sullivan,* for appellant.
　*Jacobsen & Murray,* for respondent.

NUESSLE, J.　This is an action to recover on account of certain
policies of insurance against crop failure.　The plaintiff in his com-
plaint sets out four different causes of action: the first, on account of
a policy of insurance issued to him; the second, on account of a policy
issued to one Lorenz Wolf and assigned to the plaintiff; and the fourth,
on account of a policy of insurance issued to one Joseph Steiner and
assigned to the plaintiff.　At the opening of the case the plaintiff
moved to strike out the third cause of action without prejudice, which
motion was granted.
　The pleadings in the various causes of action and the issues as raised
thereby are in all essential respects identical with those in the com-
panion case of Rokusek v. National Union F. Ins. Co. heretofore de-
cided, ante, 123, 195 N. W. 300, excepting insofar as they necessarily

differ by reason of the policies in question having been issued to different persons covering different crops and for different amounts.

At the close of the plaintiff's case, and again at the close of the whole case, the defendant moved for a directed verdict. No ruling was made upon such motion. Plaintiff had a verdict. Judgment was entered thereon. No motion for a new trial was made, nor was there a motion for judgment notwithstanding the verdict. The case is here on appeal from the judgment.

The principles of law announced in the Rokusek Case, supra, are applicable in this case and require a reversal of the judgment. The evidence in the case, however, distinguishes it from the Rokusek Case in this; in that case we held as a matter of law that no fraud was established as regards the settlement. In this case, however, we are not prepared to say that there was no evidence from which such fraud could be found. Hence, defendant is not entitled to judgment notwithstanding the verdict, but a new trial will be ordered.

BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., and COOLEY, Dist. J., concur.

Mr. Chief Justice BRONSON, being disqualified, did not participate, Honorable CHAS. M. COOLEY of the First Judicial District, sitting in his stead.