**COMAN v. WILLIAMS.**

No. 7340.

Supreme Court of North Dakota.

July 28, 1954.

**378**

J. K. Murray, Bismarck, for appellant.

John A. Zuger, Bismarck, for respondent.

GRIMSON, Judge.

Plaintiff brings this action to recover from the defendant $700 damages for fraud and deceit. In his complaint he claims that the defendant, on July 25, 1950, intending to deceive the plaintiff and to induce him to purchase four fur coats, falsely represented to the plaintiff that said "four fur coats were genuine mink, muskrat, beaver and other valuable furs;" that the defendant knew that such representations were false; that in truth and in fact said fur coats were only rabbit coats made to look like the coats which the defendant represented them to be. Plaintiff alleges further that relying upon said false representations and knowing nothing about fur coats "he was induced thereby to purchase and did purchase four rabbit fur coats from the defendant."

Defendant makes a general denial but admits the sale to the plaintiff of the four fur coats for the sum of $700 and alleges that the plaintiff before the purchase of the coats duly examined the same and induced the defendant to reduce the price to $700 and further that the plaintiff did not purchase the coats for the use of himself and family but for the purpose of selling them to the public at an exorbitant price in order to make a profit therefrom.

The case was tried to a jury. The plaintiff offered his own testimony on the transaction, supported by the testimony of an expert furrier. The defendant was not present and no testimony was offered on his behalf.

At the close of the testimony the attorney for the defendant moved for a directed verdict on the grounds, amongst others, "That the plaintiff failed to establish any measure of damages in this case and that there is no basis for the jury to arrive at any damages." That motion was denied. The jury rendered a verdict in favor of the plaintiff in the sum of $325. The defendant's attorney made the motion for judgment notwithstanding the verdict which was denied. The defendant appeals from the order denying his motion for judgment notwithstanding the verdict and from the judgment. The evidence shows that on July 25, 1950, the plaintiff was the proprietor of "Jimmy's Bar" in the city of Bismarck; that about 5 o'clock in the afternoon of that day the defendant, a stranger, came into the bar and engaged the plaintiff in conversation. He said he had some fur coats for sale; that he had come from Dickinson where he had sold Billy Beaudoin six fur coats. In that connection he showed the plaintiff a folded piece of paper with plaintiff's name and the name of plaintiff's bar, signed by Billy Beaudoin, whose signature plaintiff recognized. This served as an introduction to the coat transaction. The defendant had his assistant bring some fur coats into the basement of the bar where there was room to display them. The defendant took the coats out of the sacks one by one and laid them separately upon beer cases. As he did so he said the first was a "genuine muskrat", the next he said was a "squirrel," then a "mink" and finally a "beaver." He claimed they were worth $3,000 but that they were the last ones he had and that he had to get back into Canada that night so he would take $1,500 for all of them. After some negotiations plaintiff offered $600 and defendant came down to $700 which the plaintiff accepted. He paid defendant $440 in cash and a $260 check. The next morning the plaintiff on examining the coats came to the conclusion that something was wrong. He then took them to the furrier who testified they were all rabbit coats. The defendant cash-

ed the check locally and plaintiff made it good.

Shortly thereafter this action was commenced. No service was obtained on defendant but some property claimed to belong to him was attached. Service was had by publication. The defendant's attorney made a special appearance, objecting to the manner of service. That matter came to this court in the case of Coman v. Williams, 78 N.D. 560, 50 N.W.2d 494, and the service was sustained. Then in June 1952 this trial was had upon the merits.

By this action the plaintiff elected to affirm the contract and retain the coats. He sues for damages on account of the fraud and misrepresentations. Warne v. Finseth, 50 N.D. 347, 195 N.W. 573.

In connection with the appeals defendant's counsel served and filed numerous specifications of error and of the insufficiency of the evidence. He, however, in his briefs and argument to this court presented the appeal on the following five points:

"1. That the plaintiff wholly failed to establish any measure of damages, nor any factual basis for a jury to base a verdict on with respect to damages;

"2. The plaintiff wholly failed to establish any evidence, either direct or circumstantial, that the defendants knew that anything he said about the coats to the plaintiff was false;

"3. The plaintiff failed to produce any evidence showing any misrepresentation or false statement of a fact by the defendant;

"4. The plaintiff wholly failed to establish by competent or believable evidence that he relied on any statement made by the defendant in connection with the sale of the coats;

"5. The court gave no instructions whatsoever on the measure of damages. This was a vital point of law in this lawsuit and it was the Court's duty to give at least general instructions on damages."

We will, therefore, consider this case only upon the five points presented.

The last four points do not present any serious problems for the court in this case.

Under his second point defendant's counsel argues that plaintiff failed to prove that defendant knew that what he said about the coats was false. Under his third point defendant's counsel claims plaintiff failed to show any false statement of fact by the defendant and under the fourth point he claims that plaintiff failed to show that he relied upon such statements of the defendant in connection with the sale of the coats.

It is true that to constitute actionable fraud the representations must be made with knowledge of their falsity and with intent to deceive. 37 C.J.S., Fraud, § 19, p. 254. It is also true that the plaintiff must show that he relied upon the representations made. 37 C.J.S., Fraud, §§ 29, 53, pp. 271, 318; 23 Am.Jur., Fraud and Deceit, Sec. 146, p. 271.

It is, however, entirely a matter for the jury whether the evidence was sufficient to establish fraud in accordance with such legal principles. The verdict indicates that it did so find and there is evidence to sustain such verdict.

The defendant on appeal has not pointed out any errors in the instructions that were given. The objection to the instructions is, therefore, deemed waived.

Defendant's first point, however, raises a very serious question with regard to the sufficiency of the evidence on the amount of the damages. Under that point defendant claims that there is no evidence from which the jury could base the actual value of the coats at the place and time of the transaction. Such value is a prerequisite foundation for the jury to determine the damages. Since the plaintiff retained the coats he is entitled to only such dam-

ages as he sustained above the market value of the coats he bought and for which he paid $700.

Plaintiff testified to the coat transaction and placed the fur coats in question in evidence. He then called an expert furrier who explained the methods used by which furs were made to appear to be a different kind of a fur than they actually were. He then asked the expert the actual, wholesale values of the coats. The testimony on this follows:

"Q. In your opinion what is the wholesale value of each of these coats? A. Well, the first one, about $35.00.

"Q. The first one. You mean the one that you referred to as a beaver? A. Yes.

"Q. Thirty-five Dollars. Now what would you say the value of the next three are. Are they the same or are they different?

"By Mr. Murray: Wholesale or retail?

"By Mr. Zuger: Wholesale.

"A. Two of them are very inexpensive. They would be about $25.00 wholesale. The mink would be about $30.00, I'd say.

"Q. What in your opinion would be the fair and reasonable retail price of each of those coats in the condition they are? A. From forty-nine to about sixty-nine.

"Q. A maximum of $69.00? A. Yes."

■ That is all the testimony that was offered on the actual value of the coats. It will be noticed that questions were all in the present tense at a trial held two years after the coat transaction. Certainly the value of the coats two years after they were bought does not furnish any basis in finding the value of the coats at the time of the transaction. There is no showing that the prices of artificial fur remained stationary during that time. It follows that the evidence is insufficient to sustain the jury's award of damages.

■ However, the fact that it was established that the fur coats were made of rabbit skins and that they had been represented to have been manufactured from much more valuable skins, together with the fact that plaintiff had paid $700 for the coats would justify an inference by the jury, not only of fraud, but also that the plaintiff had sustained actual damages. Thus while the evidence was insufficient to enable the jury to estimate the damages precisely, it was sufficient to sustain a verdict of nominal damages. In these circumstances it is clear that defendant was not entitled to a directed verdict. Since a consideration of a motion for judgment notwithstanding the verdict is merely a review of the motion for the directed verdict made at the end of the trial it follows that the motion for judgment notwithstanding the verdict was properly denied. Carl v. Granger Coal Co., 69 Iowa 519, 29 N.W. 437; Sutherland on Damages, Sec. 11, Nominal Damages, pp. 31, 42.

The question of the sufficiency of the evidence was raised upon the appeal from the judgment by an assignment that the trial court's ruling upon the motion for a directed verdict was error. As we have heretofore stated, the evidence was sufficient to take the case to the jury but it is insufficient to sustain the verdict which was returned. In such circumstances, a new trial should be granted in the interests of justice.

■ That this court has the power to make such a disposition of an appeal, even in the absence of a motion for a new trial is well settled.

"No motion for a new trial shall be necessary to obtain, on appeal, a review of any questions of law or of the sufficiency of the evidence unless before the taking of the appeal the judge shall notify counsel of the party intending to take the appeal that it desires such motion to be made. * * *" Section 28–2727, NDRC 1943.

No such notice was given by the trial judge in the instant case. Section 28–2729, NDRC 1943, provides:

"Upon an appeal from a judgment or order, the supreme court may reverse, affirm, or modify the judgment or order as to any and all of the parties, and if necessary or proper, may order a new trial of the entire cause or of some specific issue or issues * * *."

In Johnson v. National Union Fire Insurance Company, 50 N.D. 484, 196 N.W. 553, the plaintiff had a verdict upon which judgment was entered. No motion for a new trial was made, nor was there a motion for judgment notwithstanding the verdict. On appeal from the judgment, this court said in the syllabus:

"Where there is some evidence tending to establish plaintiff's case, the Supreme Court, in reversing judgment based on verdict for plaintiff because of insufficiency of evidence to sustain verdict, will not render judgment for defendant notwithstanding the verdict, but will remand the cause for a new trial." See also Colgrove v. National Union Fire Insurance Company, 50 N.D. 485, 196 N.W. 553; Ziegler v. Ford Motor Co., 67 N.D. 286, 297, 272 N.W. 743, 747; Nagel v. Emch, 74 N.D. 631, 640, 23 N.W.2d 879; Agrest v. Agrest, 75 N.D. 318, 27 N.W.2d 697.

Under the circumstances of this case we feel that in the interests of justice a new trial must be granted.

It is so ordered.

MORRIS, C. J., and SATHRE and BURKE, JJ., concur.

JOHNSON, J., did not participate.