Vernon VAUX, Plaintiff and Respondent,

v.

Dorothy HAMILTON, Margaret Jack, and Ruby Cuthbert (Defendants not appealing), and Day's Auto Brokers, Inc., Defendant and Appellant.

Elsie NIXON, Plaintiff and Respondent,

v.

Dorothy HAMILTON, Margaret Jack, and Ruby Cuthbert (Defendants not appealing), and Day's Auto Brokers, Inc., Defendant and Appellant.

Nos. 7883, 7884.

Supreme Court of North Dakota.

May 26, 1960.

Aylmer, Butts & Moran and Mackenzie & Jungroth, Jamestown, for defendant and appellant.

Hjellum, Weiss, Nerison & Ottmar, Jamestown, for plaintiffs and respondents.

STRUTZ, Judge.

The two actions involved in this litigation arose out of a collision of an automobile driven by the plaintiff Vaux, in which the plaintiff Nixon was a passenger, and a Cadillac automobile driven by the defendant Dorothy Hamilton which carried the dealer's license of the defendant Day's Auto Brokers, Inc. The accident occurred just west of Jamestown, North Dakota, on U. S. Highway No. 10.

Both actions are against the same defendants and involve the same facts. The cases were consolidated for trial in the district court of Stutsman County, and both cases were argued together on appeal. Both appeals will be considered in one opinion.

The defendant Day's Auto Brokers, Inc., is a foreign corporation engaged in the business of selling used cars in the city of Seattle, Washington. Through its agent, DeLain Belch, the defendant purchased the Cadillac automobile involved in this litigation in the Detroit area. The employee purchasing the car attached the defendant's dealer's license to the car after its purchase and then left it with the Midwest Auto Delivery for delivery to the defendant's place of business in Seattle. The delivery service advertised for a driver to deliver the automobile to Seattle, and the advertisement was answered by the defendant Ruby Cuthbert. The agreement under which she was to drive the car to the defendant's place of business in Seattle provided that all gas and oil and other expenses be paid by the driver. While the car was being so driven to Seattle, it was involved in a collision just west of Jamestown, resulting in the litigation now before the court.

The plaintiffs alleged in their respective complaints that the defendant Cuthbert was the agent of the defendant Day's Auto Brokers, Inc., in delivering the car. This was denied by the defendant Day's Auto Brokers, Inc. Verdicts were returned by the jury in favor of both of the plaintiffs and against the defendant Day's Auto Brokers, Inc., and the defendant Dorothy Hamilton, who was driving the car at the time of the collision. The defendant Day's Auto Brokers, Inc., has appealed from the judgments and from orders denying its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

■ The burden of establishing agency rests on the party alleging it, as respects the master's liability for negligence of the alleged servant. Martinson v. Kershner, 32 N.D. 46, 155 N.W. 37.

■ Thus, where existence of agency is denied, the burden of proving agency is on the party asserting its existence. Lander v. Hartson, 77 N.D. 923, 47 N.W.2d 211.

The evidence as to the existence of agency in this case, relied on by the plaintiffs, consists of the deposition of Henry Freymueller, the president of defendant Day's Auto Brokers, Inc. He testified, on cross-examination by the plaintiffs, that the defendant company obtained the automobile in question by having its employee, DeLain Belch, purchase it and then deliver it to the driveaway firm for shipment after attaching defendant's "in-transit" dealer's license; that the defendant was to pay to Midwest Auto Delivery a flat fee to deliver the said automobile. Freymueller further testified:

"Well, we pay them to get the car out here. The discretion of how they deliver it is up to them."

There was the further evidence of the defendant Ruby Cuthbert, the girl who answered an ad of Midwest Auto Delivery, advertising for a driver to deliver a car to Seattle. She stated that she had seen the advertisement of Midwest Auto Delivery in her local paper; that she answered the advertisement and agreed to drive the car in question to Seattle; that she did not know who owned the automobile but that it had a Washington dealer's license on it. She then said:

"It is quite the thing, they advertise in newspapers in Ontario anyone who wants to go to the West Coast, it is not employment, it is a case if you go to the West Coast it is a cheap way to go, and they— * * *."

She further stated that she and her two companions, the defendants Dorothy Hamilton and Margaret Jack, were to pay the oil and gas and their own expenses incurred while taking the automobile to Seattle.

On this evidence the jury found the defendant Hamilton to be the agent of defendant Day's Auto Brokers, Inc.

■ In reviewing the sufficiency of the evidence on appeal from the judgment and from an order denying motion for judgment notwithstanding the verdict or for a new trial, this court will view the evidence in the light most favorable to the verdict. Leonard v. North Dakota Co-op. Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576; Lund v. Knoff, N.D., 85 N.W.2d 676; Mischel v. Vogel, N.D., 96 N.W.2d 233.

■ This rule, however, does not relieve the plaintiff, who alleges agency, of his burden of proving such agency. This court has held that, where agency is denied, it must be established by proof that is clear, convincing, and satisfactory. Landar v. Hartson, 77 N.D. 923, 47 N.W.2d 211.

■■ The record is silent as to whether this was the first occasion on which the defendant Day's Auto Brokers, Inc., had had the Midwest Auto Delivery deliver an automobile for it. While there is evidence that the defendant Day's Auto Brokers, Inc., was in fact the owner of the automobile involved in the collision, ownership of the automobile alone does not establish or prove agency. Neither is ownership alone sufficient to impose liability upon the owner of a car because of the negligence of another who is permitted to use it. Posey v. Krogh, 65 N.D. 490, 259 N.W. 757; State, for Benefit of Workmen's Compensation Fund v. Thompson, 73 N.D. 56, 11 N.W.2d 113.

■ It is true that defendant Cuthbert was performing an act in the interest of defendant Day's Auto Brokers, Inc., but acts of the alleged agent cannot establish agency without evidence showing that the alleged master had knowledge thereof or assented thereto. Rigler v. North Dakota Const. Co., 57 N.D. 37, 220 N.W. 441.

In this case, the testimony was undisputed that the defendant Day's Auto Brokers, Inc., did not even know of the

existence of the three girls who were delivering the automobile until after the accident had occurred.

■■ The limited evidence presented to the jury on this question is more indicative of a relationship of independent contractor than of master and servant. Here, Midwest Auto Delivery was hired for one purpose, namely, to deliver the car to Seattle, and was responsible only for that result. It could accomplish that result in its own way. The record fails to disclose any right of control by defendant Day's Auto Brokers, Inc., over details as to how that result was to be accomplished. Such evidence may be available, however, on a new trial. While, under the present state of the record, on appeal from the judgment and from the order denying the motion for judgment notwithstanding the verdict or for a new trial, there is a failure to sustain the allegations of the complaints as to agency, this court need not order judgment for the defendant but will order a new trial when it appears that the defects may be remedied upon a new trial. Bakke v. Nelson, 68 N.D. 66, 276 N.W. 914; Hart v. Rigler, 70 N.D. 407, 295 N.W. 308; Coman v. Williams, N.D., 65 N.W.2d 377. See also Johnson v. National Union Fire Insurance Co. of Pittsburg, Pa., 50 N.D. 484, 196 N.W. 553.

Other specifications of error alleged by the defendant relate largely to instructions given by the court, or instructions refused by the court, relating to matters of agency, independent contractors, and liability of the owner of a vehicle for negligence of one permitted to use it for the user's own purposes. Since a new trial in these cases must be granted and, in view of what we have said above, it is unlikely that these questions will arise upon a new trial, we do not now consider them.

■■ However, one specification of error deals with a matter which may well arise on the retrial of these actions. The trial court overruled an objection by the defendant to the following question put by the plaintiffs to a medical expert, testifying on behalf of the plaintiffs, as to the future pain and suffering of one of the plaintiffs:

"Doctor, can you state with a reasonable degree of medical certainty that there is a distinct possibility that this might happen?"

An objection that the question was leading, suggestive, speculative, and conjectural was overruled.

The question in the form in which it was asked was clearly objectionable. While there are exceptions to the general rule that an opinion of a witness may not be received in evidence and although, under certain circumstances, the opinion of an expert is admissible, testimony which consists of no more than a mere guess of the witness is not admissible. Such testimony must be as to a definite probability and must not involve, to an excessive degree, the element of speculation or conjecture. The question directed to the medical expert in this case was calling for a mere guess on the part of the doctor "that there is a distinct possibility that this might happen."

Webster defines "possibility" as "the character, state, or fact of being possible, or that which may be conceivable." Thus, even if an event might occur only once in ten thousand times, it still is within the realm of possibility, though very improbable.

A medical expert is qualified to express an opinion to a medical certainty, or based on medical probabilities only, but not an opinion based on mere possibilities. Diemel et al. v. Weirich et al., 264 Wis. 265, 58 N.W.2d 651; Peterson v. Western Casualty and Surety Co., 5 Wis.2d 535, at page 540, 93 N.W.2d 433, at page 436.

For the reasons stated, the orders denying motion for new trial in the above actions are reversed, and new trials are granted.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.