[File No. 7008]

PETER NAGEL, Respondent, v. ROY EMCH and Alice Emch, Appellants

(23 NW2d 879)

632

Opinion filed August 1, 1946.   As amending on Denial of Petition for Rehearing, August 24, 1946.

*Murray & Murray,* for appellants.

*C. F. Kelsch* and *Sullivans, Fleck & Higgins,* for respondent.

634

BURR, J.  Defendants appeal from the judgment and from the order denying a new trial in an action for damages brought because of the negligent driving of an automobile.

Plaintiff alleges:  he was struck by the car and broke two bones in the right leg, had a severe injury to his right knee joint and "several severe bruises and lacerations about his right leg;" that these injuries required "immediate hospitalization, medical care and surgical treatment," setting forth the cost thereof; and required several trips from his home to the doctor at an expense of ten dollars.  The complaint then alleges:

"That the plaintiff is a farmer by occupation and that prior to the injuries so sustained he was in good physical condition, of sound health and was able to do and perform all of his usual and ordinary farm work, but that ever since the time he was so injured has been, and still is, and for several months to come, he has been and will be obliged to employ hired help to do the farm work which he could and would have done and performed upon his farm had he not been so injured, and by reason thereof he obligated himself and did pay the reasonable value of the services rendered by his employees.

That by reason of all of the facts alleged herein, the plaintiff has, and will sustain damages in the sum of $2,500.00;"

The answer is a denial of negligence and an allegation of plaintiff's negligence.  The jury returned a verdict for the plaintiff in the sum of $850.00.

An appellant is required to serve "a concise statement of the errors of law he complains of" with the notice of appeal.  (§ 28–1809, Rev Code.)  Here the statement of error is:

"The Court committed the following errors in the trial of the above entitled action:

(1) All of the errors specified in the motion for a new trial, which motion is dated the 2nd day of August, 1945 and makes same a part hereof with the same force and effect as if each and

every specification in said notice of motion for a new trial were fully set out herein.

(2) The Court committed error in denying the defendants' motion for new trial, which motion is dated the 2nd day of August, 1945."

. . . The evidence is insufficient to sustain the verdict in the following particulars:

In all of the particulars specified in the insufficiency of the evidence dated the 2nd day of August, 1945, served and filed with the notice of motion and the motion for new trial; that said insufficiency of the evidence and the particulars thereof are made a part of this specification of insufficiency of the evidence with the same force and effect as if same were fully set out herein."

An appellant is required to set forth in the brief:

"d. The specifications of error;

e. A concise statement of the facts pointing out specifically the page and line in the settled case, in verification of each statement so made; and

f. The ultimate facts set forth separately." (§ 28–2375, Rev Code.)

This was not done though the specifications of error filed with the motion for new trial are in the judgment roll and are copied in the brief.

In order to give the case proper consideration however we have examined the record. There are seventeen specifications dealing with rulings on admission of evidence, and three dealing with alleged error in instructions. Of these latter, one contains ten selections from the instructions. When we examine the judgment roll to ascertain the specifications of the insufficiency of the evidence as set forth in the motion for new trial we find six subdivisions.

At 10 A.M. of January 10, 1944 the plaintiff was standing at the rear of an automobile, on a street in Carson, talking to the owner while his car was being serviced. The defendant Alice Emch drove into Carson from the south, in the family car owned by her husband the codefendant. On the street she turned east and as she turned, noticed a car approaching her. She says

when the car passed she noticed a car standing at the gas station. She was intending to stop at this station for gas and drove toward it. She was driving with clear view, and coming up from behind the plaintiff, struck him with her automobile breaking his leg. Testimony as to distance from the parked car, whether she could have avoided the accident, the speed she traveled and the time she had in which to decide is approximate and conflicting. She acted promptly to take care of him, but the questions of negligence on her part and of alleged contributory negligence of the plaintiff arose.

It is not necessary to set forth the facts in detail. The jury, by its verdict, found the defendant was negligent in driving the car and that there was no contributory negligence on the part of the plaintiff. There is ample evidence to sustain the verdict in this respect and any alleged error in the charge on negligence could not have been prejudicial to appellants.

The only issue necessary to consider is the question of the elements of damages recoverable under the pleadings. Plaintiff proved the value of the services rendered him by his physician; the value of the services rendered him by the hospital; and his necessary expenses for several trips to the doctor before medical services were no longer required. No alleged errors of the court with reference to the admission of the testimony in regard to these amounts need be discussed. No reversible error is shown in the record.

The amount of these items is $315.00—(physicians $127.00; hospitalization bills at $143.00; dressings and necessary trips to the clinic $45.00.) The preponderance of the evidence clearly sustains the complaint as to these features.

The only other claim of damage, besides a general allegation of pain, is the one specified in the quotation from the complaint hereinbefore set forth. This deals with the necessity for employment of hired help and the reasonable value of services rendered by such help. In order to prove this necessity plaintiff showed the extent of his farming operations for the farming season involved. That he was required to hire help and that the amount he paid for such services was reasonable is clearly es-

tablished. He paid out $159.00 therefor. There were numerous objections to the testimony offered in this respect, but none of them is of any value on this feature. Thus we do not review them for no reversible error in this respect is shown.

The verdict of the jury was for $850.00. The surplus in the verdict amounts to $376.00. The complaint has no allegation of permanent injury. There are more or less incidental references to this in the record, but the objection was made repeatedly that all other elements, save those mentioned, were not within the issues of the case as framed by the pleadings.

Over strenuous and repeated objections the plaintiff was permitted to show the loss of income from his farming operations for the year 1944 as compared with previous years. In this connection he was permitted to show not only that the injury sustained in January 1944 caused him expense but that owing to the time which elapsed before he recovered he lost the value of his own services in running the farm. He showed the value of these services from January to July, at various rates depending upon the season. This amounted to over $500.

To prove this he introduced evidence showing the alleged loss accruing to his farming operation in 1944 by a standard of a loss of income as compared with previous years. He stated in open court that "he would show that most of the time he was unable to procure a hired man and that when he was able, what he paid to replace his services. That in addition to that he would show what the loss of his own services are and that is the final and complete measure of damage as I understand it."

Again in these arguments on the objections interposed he stated in open court, "The plaintiff elects to stand upon the loss, by himself, of himself, through his farm operations and what his time was worth on the farm—and that he would use the testimony shown in items paid to hired men as corroborating and supporting evidence only, . . . ." This latter is an abandonment of the allegation in the complaint wherein he sought to recover the amount he paid for hired help. The record clearly shows that the loss to his farm operations occasioned by his absence was to be measured, in part at least, by the difference

in income between the years specified as well as loss of time caused by the accident.

The underlying theory of the plaintiff would seem to be this: —Without this injury he would have worked the farm himself; he was compelled to hire help; he could not get help for all the time; his farming operations suffered therefrom; the effect was he lost the value of his own services and this loss is clearly shown because of the difference in income between the year 1944 and the previous years—showing the amount of this difference.

There is nothing to show—other than the alleged loss of in- come—that the work of the hired help was not as adequate as if the plaintiff had been doing his usual work. The difference of income is highly speculative. Differences in seasons, rains, weather conditions, prices, and all the other contingencies which affect the North Dakota farmer are so unpredictable that they offer no basis for computation. The inference is that when plaintiff worked the farm himself in the years previous to 1944 his income reached a stated figure and when he was incapaci- tated by the injury his income decreased materially.

The complaint alleges pain and suffering and were it not for the interjection of loss of income and the value of plaintiff's time, the reasonableness of the verdict might indicate this sur- plus was for pain and suffering.

Appellant cites the case of Wilson v. Kjorlie, 73 ND 134, 12 NW2d 526, wherein we state, "The general rule is that one who is injured in his person through the fault of another may recover for loss sustained through being deprived of his earning power." There is no allegation in the complaint of the loss of earning power. Assuming, without deciding, that such loss could be shown under an allegation of general damages it must be clear this feature is not involved here. The plaintiff showed his in- jury, the amount of his medical and hospital bills and that he suffered pain. He seeks recovery for the expenses occasioned by the injury and he specified these therein. Just how much of the excess in the verdict is for pain and suffering, how much is influenced by loss of income or other features it is impossible to state. There was no special verdict returned and no special

questions were submitted to the jury. It was error for the court to permit the plaintiff to show his loss of income.

On the record we find plaintiff is entitled to $474.00 at least. Thus we hold this is a case justifying the exercise of our power to modify the judgment granted under § 28–2729 of the Revised Code. Following the practice set forth in Ziegler v. Ford Motor Co. 67 ND 286, 297, 272 NW 743, 747, the judgment is reduced to $474.00 damages and interest thereon from the date of the rendition of the verdict, and all costs in the district court, "and as so reduced is affirmed upon the condition that respondent file a remission of the excess in the district court within thirty days after the remittitur from this court is filed in the office of the clerk of the district court. Upon failure to comply with this condition a new trial will be had with costs to abide the event."

Judgment will be entered accordingly.

CHRISTIANSON, Ch. J., and MORRIS, BURKE and NUESSLE, JJ., concur.