**4**

Ted W. SHELVER, Plaintiff,

v.

Richard T. SIMONSEN and L. G.
Doup Company, Defendants.

Civ. No. 4819.

United States District Court,
D. North Dakota,
Northeastern Division.

Dec. 17, 1973.

John C. Haugland, Duffy & Haugland,
Devils Lake, N. D., for plaintiff.

Patrick W. Fisher, of Shaft, Shaft,
McConn & Fisher, Grand Forks, N. D.,
for Simonsen.

Thomas E. Rutten, of Traynor & Rutten, Devils Lake, N. D., for Doup Co.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

This is a diversity case under 28 U.S.
C. § 1332, and is a personal injury action arising out of an automobile accident.

This matter came up on a motion for
partial summary judgment as to allowable damages.

Plaintiff has alleged in his complaint:

"That as a result of the carelessness
and negligence of the defendants in
causing the accident and injuries to
the plaintiff, the plaintiff has sustained damages as a result of being
forced to sell his entire cow herd consisting of 56 cows resulting in a loss
in his cattle operation of $12,000 to
date and a further loss will be incurred as a result of the sale of said
herd of cows which sum is indeterminable at this time."

The law of damages is taken
from the law of the state where the accident occurred, in this case North Dakota. Erie Ry. v. Tompkins, 304 U.S. 64,
58 S.Ct. 817, 82 L.Ed. 1188 (1938),
Parke-Davis & Co. v. Stromsodt, 411 F.
2d 1390 (8th Cir. 1969). The law of
North Dakota is:

"For the breach of an obligation not
arising from contract, the measure of

damages, except when otherwise expressly provided by law, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." (NDCC 32–03–20)

■ This broad rule of damages does include the concept of present compensation for loss of future earning power. Farmers Union Federated Coop. Ship. Assn. v. McChesney, 251 F.2d 441 (8th Cir. 1958); Geier v. Tjaden, 74 N.W.2d 361 (N.D.1955); but plaintiff in his Paragraph VI above, claims that the broad rule of damages also includes the concept of present compensation for loss for future profit in a venture existing at the time of the accident.

Defendants deny that loss of future profit is compensable. On that point I hold against the defendants. 22 Am. Jur.2d, Damages § 172, recites the general rule as to both tort and contract damages. North Dakota has followed that rule, interpreting the identical language used in NDCC 32–03–20 (tort) and NDCC 32–03–09 (contract). The identical language is:

". . . All the detriment proximately caused thereby . . . ."

Cases so holding are:

Lindsay v. Nichols & Shepard Threshing Machine Co., 59 N.D. 313, 229 N.W. 808 (1930); Nagel v. Emch, 74 N.D. 631, 23 N.W.2d 879 (1946).

■ But defendants also, and most strongly, urge that even though compensable, the loss of future profits in a farming venture, can never be proved with sufficient certainty to support a verdict or finding of fact.

Or, stating it differently, defendants claim that a cattle venture, in North Dakota, is so speculative, involving as it does the uncontrollable variables of storms, price, rainfall, disease and accident, that no conceivable proof can factor out those variables enough to prove future profits with sufficient certainty to support a verdict or finding of fact.

In Wilson v. Oscar H. Kjorlie Co., 73 N.D. 134, 12 N.W.2d 526 (1944), Wilson had a lumber yard and a separate used machinery business which he managed. It was held that, while the defendant could have recovered for loss of "earnings", profits of the business, his evidence was not sufficient to take the claim out of the realm of speculation.

In Nagel v. Emch, supra, the trial court allowed a verdict for loss of profits to stand on evidence that his income for years preceding the date of the injury was greater than on the year of the injury. The trial court was reversed. The North Dakota Appellate Court commented, "the difference in income is highly speculative. Differences in seasons, rains, weather conditions, prices and all other contingencies which affect the North Dakota farmer are so unpredictable that they offer no basis for computation."

Another case, dealing with profits in a cattle venture is Olson v. Aldren, 84 S.D. 292, 170 N.W.2d 891 (1969). This was an action on a breach of warranty. Diseased cattle were sold which infected the rest of the buyer's herd. The buyer tried to show loss of profits by showing income of prior years as against income of the year of loss. He tried to show such income by putting into evidence income tax returns which itemized gross income, farm expenses, etc. The trial court received the evidence. The Appellate Court reversed, saying:

"—the many variables reflecting income tax returns of farmers from year to year make such evidence highly speculative and insufficient to sustain an award for loss of profits. Differences in weather, feed supply, cost of operation, and prices in general are such as to give little probative value to [the information contained in] an income tax return for the purpose of showing a loss of profit."

From these cases and the tenor of the cases in this area, I conclude that, while in theory, loss of profit is provable as an item of damage, in fact, the element

of future profit is usually so speculative that any evidence addressed to proving it will be subjected to harsh scrutiny; and no verdict or finding of fact of loss of profit will be allowed to stand unless the proof is clear and unequivocal.

In this particular case, since the plaintiff has not closed his options as to proof, the motion for partial summary judgment is *denied*.