## LILLIAN LITMAN v. JOHN WALSO.[1]

December 19, 1941.

Nos. 32,922, 32,938.

*Levine & Levine,* for plaintiff-appellant.

*C. A. Youngquist* and *David R. Thomas,* for defendant-appellant.

LORING, JUSTICE.

In an action to recover $3,432 for personal injuries and damage to plaintiff's automobile resulting from a collision alleged to have been caused by defendant's negligence, the latter counterclaimed for damage to his car in the sum of $200. Motions for directed verdicts were made by each party and denied. After verdict of

[1]Reported in 1 N. W. (2d) 391.

$300 for plaintiff, defendant moved for judgment notwithstanding or a new trial, and plaintiff moved for a new trial on the ground of inadequate damages. Both parties appeal from the order denying their respective motions.

The damage complained of resulted from a collision between the car driven by defendant and the one driven by plaintiff in the intersection of Hennepin avenue (85 feet wide) and West Twenty-eighth street (40 feet wide) in Minneapolis, on January 26, 1940, at about three o'clock in the afternoon. There was an operating post-semaphore in the center of the intersection, the street was not icy, and the visibility was good. Plaintiff was driving south on Hennepin at about 20 to 25 miles per hour, and defendant was traveling west on Twenty-eighth at a speed which he claims was about 15 miles per hour. These facts are not disputed, but from that point the stories are irreconcilable. The testimony of plaintiff and her witnesses tended to prove the following facts: The stop-and-go sign showed green for Hennepin traffic when plaintiff was about a car length and a half north of the intersection. The light had just turned green and continued to show green until after the accident. She was driving on the west side of Hennepin and was struck by defendant's car south and west of the semaphore. After the collision defendant told her that he was sorry, that he was sure he could make the stop sign because he had been doing it for years, and that he would see that she was taken care of.

On the other hand, defendant testified that he was driving along the north side of Twenty-eighth street, intending to cross Hennepin and not turn left; that he saw the semaphore as he approached the intersection; that it was "Go" for Twenty-eighth street traffic and remained green until he passed it; that before he entered the intersection he looked, saw no car therein, and proceeded across Hennepin at the same speed; that he passed the signal on the north side and just as his car cleared it he was struck right front by plaintiff's car.

Defendant's assignments of error are inadequate to raise any issue other than the sufficiency of the evidence. In that regard, they present two questions: (1) Was the evidence sufficient to sustain a verdict that defendant was negligent? (2) Was plaintiff guilty of negligence as a matter of law?

■ As to the first, defendant's whole argument is based upon a calculation that the distance from the eastern boundary of the intersection to the point of collision, which he says he traveled at 15 miles per hour, conclusively demonstrates that he must have been within the intersection prior to the time the light turned green for Hennepin. Though that may be true, he ignores the effect of the yellow light flashed by that type of sign, which, according to his own testimony, gave a three-second warning before the sign changed. The evidence supports a finding that the semaphore turned "Go" (green) for Hennepin traffic when plaintiff was about 25 feet (1½ car lengths) north of the intersection and that she traveled about 32 feet in the intersection to the point where the collision occurred. At 25 miles per hour (37 feet per second), she traveled 57 feet, requiring at least 1½ seconds, before the crash, with the signal green for Hennepin traffic. Defendant himself claims that he traveled 54 feet in the intersection at 15 miles per hour or 22 feet per second. The conclusion is obvious. If plaintiff traveled 1½ seconds with a green light, the yellow warning light must have flashed on for Twenty-eighth street traffic 4½ seconds before the collision or when the defendant was 99 feet from the place of the accident, thus giving him warning to stop 45 feet east of the intersection.

The fact that he was in the intersection before the sign changed does not help him, because Mason St. 1940 Supp. § 2720-164(b), states:

"Yellow alone or 'Caution' when shown following the green or 'Go' signal.

"(1) Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at the intersection, * * *."

The statute, applied to the semaphore in this case, required defendant to stop when the light showed yellow under the green "Go" sign. Violation of the statute was *"prima facie* evidence of negligence." Mason St. 1940 Supp. § 2720-291(b). Thus the evidence entitled plaintiff to a submission to the jury of the issue of defendant's negligence without having to rely upon the alleged admissions of defendant.

■ As to the second question, defendant claims that plaintiff's testimony did not show that she looked to the left before she entered the intersection, and that constituted negligence as a matter of law. The testimony relied upon by defendant in support of this claim was plaintiff's own and that of a passenger riding with her at the time. That testimony showed that plaintiff did not *see* the defendant's car until it reached the middle of Hennepin avenue, that the crash occurred in the west half of the intersection, and that the visibility was good. Though that evidence may have supported the inference that plaintiff failed to look, it did not compel such an inference. Direct conflict as to whether defendant passed north or south of the semaphore entitled the jury to conclude that defendant's testimony concerning that fact and his speed as well was false. Other evidence did not preclude jury from finding that plaintiff *looked* before she entered the intersection, that she failed to *see* defendant because he had not come in view, and that he was traveling fast enough to hit plaintiff though not in sight when she first looked. She was not required to look again. Kraus v. Saffert, 208 Minn. 220, 225, 293 N. W. 253. Thus the case at bar must be distinguished from those cases in which the evidence clearly established the fact that if plaintiff had looked he would have seen defendant. See Kraus v. Saffert, 208 Minn. 220, 224, 293 N. W. 253. Only in such a situation would testimony that plaintiff did not see defendant prove that she did not look. Defendant seems to forget that he bore the burden of proof on the issue of plaintiff's negligence, and that it was his task rather than hers to show that she failed to look. It should also be noted that in none of the cases relied

upon by defendant was the intersection controlled by a semaphore. Mason St. 1940 Supp. § 2720-164(a), which states:

"Green alone or 'Go'

"1. Vehicular traffic facing the signal may proceed straight thru or turn right or left  *  *  *  But vehicular traffic shall yield the right-of-way to other vehicles  *  *  *  *lawfully* within the intersection at the time such signal is exhibited  *  *  *"

is of no assistance to defendant even though he entered the intersection before plaintiff, because, as shown above, the evidence justified a finding that he entered unlawfully.

Thus we feel that the question of plaintiff's contributory negligence was properly left to the jury. *Cf.* Fickling v. Nassif, 208 Minn. 538, 294 N. W. 848.

■ On plaintiff's appeal the only question raised is whether the damages awarded are so inadequate as to indicate passion or prejudice. The trial court denied her motion for new trial on that ground. As said by this court in Mohr v. Williams, 95 Minn. 261, 266, 104 N. W. 12, 14, 1 L.R.A.(N.S.) 439, 111 A. S. R. 462, 5 Ann. Cas. 303:

"*  *  *  in actions to recover unliquidated damages, such as actions for personal injuries, libel, and slander, and similar actions, where the plaintiff's damages cannot be computed by mathematical calculation, and are not susceptible to proof by opinion evidence, and are within the discretion of the jury, the motion for new trial on the ground of excessive or inadequate damages should be made under the fourth subdivision of section 5398, G. S. 1894 [now Mason St. 1940 Supp. § 9325(5)]; and in such cases the court will not interfere with the verdict unless the damages awarded appear clearly to be excessive or inadequate, as the case may be, and to have been given under the influence of passion or prejudice.  *  *  *

"But in any case, whether a new trial upon the ground of excessive or inadequate damages should be granted or refused, or whether the verdict should be reduced, rests in the sound judicial

discretion of the trial court (Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87), in reviewing which this court will be guided by the general rule applicable to other discretionary orders."

Under this rule, though the damages awarded are meager, we see no abuse of discretion in denying plaintiff's motion. The trial court was in much better position than are we to pass upon the question.

Orders affirmed.