## Texas & New Orleans Railroad Company v. William Jack Sturgeon.

No. 8161. Decided January 5, 1944.
Rehearing overruled February 2, 1944.
(177 S. W., 2d Series, 264.)

*Baker, Botts, Andrews & Wharton,* of Houston, and *Kemp, Smith, Goggin & White,* of El Paso, for petitioner.

The Court of Civil Appeals erred in holding that it was not reversible error to overrule an objection to the argument of plaintiff's attorney, in discussing the amount of damages, when he stated "I don't think a man on this jury would sell his leg for $100,000.00." Dallas Ry. & Ter. Co. v. Goss, 144 S. W. (2d) 591; Gulf C. & S. F. Ry. Co. v. Ballew, 66 S. W. (2d) 659; Bell v. Blackwell, 283 S. W. 765; Office Equipment Co. v Smerke, 136 S. W. (2d) 972.

It was error for the Court of Civil Appeals to hold that it was a question for the jury as to whether or not other employees had notice, actual or constructive, that plaintiff might attempt to get on the footboard at the time he did. International & G. N. Ry. Co. v. Lowry, 132 Texas 272, 121 S. W. (2d) 585; International & G. N. Ry. Co. v. Gray, 65 Texas 32; Kurn v. Stanfield, 111 Fed. (2d) 469.

*Clifton Hildebrand,* of San Francisco, Calif., *Abner S. Lipscomb* and *W. C. Petticolas,* both of El Paso, for respondent.

In response to the above proposition, cited: Gulf, C. & S. F. Ry. Co. v. Smith, 148 S. W. 820; Johnson v. Chicago & E. Ry. Co., 334 Mo. 22, 64 S. W. (2d) 674; Chicago, R. & I. Ry. Co. v. Harris, 28 S. W. (2d) 611; Younger Bros. v Moore, 135 S. W. (2d) 780.

MR. JUDGE TAYLOR of the Commission of Appeals delivered the opinion for the Court.

W. J. Sturgeon, switchman on the Texas & N. O. Railroad Company, and respondent here, recovered a personal injury judgment against the company under the Federal Employees' Liability Act (45 U. S. C. A. pars. 51 et seq.), which was affirmed upon appeal. 177 S. W. (d) 340.

The jury found that the injury of Sturgeon was proximately caused by the negligent act of Hobson, long field man, in passing from the north to the south footboard of defendant's locomotive in Sturgeon's pathway as the latter was attempting to mount the south footboard on the opposite side of the drawbar. The jury found also that another proximate cause of the injury was the negligent act of the engine foreman, Hutcheson, in mounting the north footboard while Hobson was still occupying same. See the opinion of the Court of Civil Appeals for a detailed statement of the facts.

The railroad company's principal contentions is its application for writ of error are substantially (a) that there was no evidence,—or at any rate no more than a scintilla, to support the jury's findings of negligence on the part of Hobson and Hutcheson, and on the corresponding issues respectively of approximate cause; and (b) that the Court of Civil Appeals erred in holding that the trial court did not commit reversible error in overruling petitioner's objection to a part of respondents argument to the jury. Petitioner complained also of the action of the trial court in failing to submit to the jury whether

Hobson knew or should have known of Sturgeon's intention to attempt to mount the footboard. The writ was granted upon the point alleging error with respect to petitioner's argument to the jury.

We are confirmed upon final examination of the record in our tentative view that the trial court committed reversible error in refusing to sustain the objection made to the argument, which will presently be discussed: In view of another trial we refrain from discussing the evidence further than to say it raised the issues submitted, and that we are bound by the holdings of the Court of Civil Appeals as to its sufficiency to support the jury's findings. We agree with the Court that respondent's act in attempting to mount the footboard at the time he did was not the sole proximate cause of his injury; also with its holding that whether either Hobson or the engine foreman knew or should have known of Sturgeon's whereabouts and whether he might attempt to mount the footboard, was for the jury to decide.

1▪ There was no error on the part of the trial court in failing to submit an issue inquiring whether either Hobson or the engine foreman had actual or constructive knowledge that Sturgeon might attempt to get on the footboard. We agree also with the Court of Civil Appeals that petitioner cannot be heard to complain here of failure to submit such issue since it made no request for its submission, and went no further than to object to the questions submitting the issues of negligence and proximate cause on the ground of omission therefrom of the element of knowledge on the part of Hobson and Hutcheson of Sturgeon's intention. Gulf C. & S. F. Ry. Co. v. Conley, 113 Texas 472, 474, 260 S. W. 561, 32 A. L. R. 1183; Texas & N. O. v. Crow et al, 132 Texas 465, 123 S. W. (2d) 649. See Texas Law Review, Vol. 17, No. 4, p. 459. Rule 279 was so amended on September 1, 1941, as to crystalize into rule form the holding on the point involved in the cases cited.

The definition of "proximate cause" given by the trial court was as follows:

"A negligent act, or omission, is a proximate cause of an injury when the same is a direct, efficient or producing cause without which the injury would not have occurred, and from such cause it should have been reasonably anticipated by the party producing same that injury would result naturally and probably therefrom; not necessarily the precise, actual injury, but some like injury likely to result therefrom."

The matter of knowledge on the part of Hobson and the engine foreman with respect to Sturgeon's whereabouts and intention was evidentiary in its bearing upon the controlling issues of negligence and proximate cause. City of Panhandle v. Byrd, 130 Texas 96, 106 S. W. (2d) 660. The controlling issues were fairly submitted and there was no reason for submitting other phrases of the same issues. Rule 279.

■ We cannot agree with the Court of Civil Appeals holding with respect to the following statement made to the jury by counsel for respondent in his closing argument: "I don't think a man on this jury would sell his leg for a hundred thousand dollars." Counsel for petitioner promptly objected to the statement and requested the trial court to instruct the jury to disregard it and not consider it for any purpose. The objection should have been sustained and the requested instruction given. Prompt action on the part of the court in response to the objection and request would have removed the harmful effect. The language complained of was subject to the inference that the jury was at liberty in fixing the amount of damage to consider what amount one would sell his leg for. Refusal of the judge to sustain the objection increased the harmful effect of such an inference and constituted reversible error. Fambrough v. Wagley, 140 Texas 577, 169 S. W. (2d) 478; Foster v. Langston, 170 S. W. (2d) 250; Brooks v. Enriquez, 172 S. W. (2d) 794 (wr. dism.).

It was unnecessary to discuss at length the language used in other cases. Each argument must be considered from the standpoint of the particular case in which it is made. This case is replete with border-line argument objected to without avail. When respondent's counsel argued that Hobson was lying on the witness stand "to keep his job with the railroad" objection was made because the statement was not supported by the record and inflammatory, and the court was asked to instruct the jury to disregard it. The objection was overruled and the request refused. Similar argument was made concerning Hutcheson and similarly objected to. Upon the objection being overruled, counsel continued: "They don't like this kind of argument. The shoe pinches." It was border-line argument, part inference and part a purported statement of fact not in evidence. The particular argument under consideration veered over the line of permissible argument, and certainly when made over objection. It carried a suggestion of value of a leg in terms of the money one might be willing to sell it for. In Foster v. Langston a similar suggestion was made when counsel in discussing what amount should be written in answer to the damage issue, said:

"I don't believe there is a single gentleman on this jury who would sell your life for any amount of money." Objection was made, together with a requested instruction to the jury to disregard it. In Brooks v. Enrique it was argued: "I don't think any of you gentlemen would go through anything like that for any amount of money." There was a similar objection and request, with like ruling. Such argument, as is the argument here, is erroneously and prejudicially suggestive of an improper criterion by which to measure damage to the person, and is prejudicial otherwise. The argument in both of the cited cases was held to constitute reversible error. The first did not reach this Court, and the judgment of the Court of Civil Appeals reversing and remanding the cause in the second was approved as correct by this Court.

The argument in the present case condemned above, made as it was over specific objection, was improper and it does not appear from the record as a whole that no injury resulted therefrom to petitioner. The action of the trial court in not sustaining the objection of petitioner and instructing the jury as requested, was reversible error, and the Court of Civil Appeals erred in affirming the judgment.

We think it advisible, in view of some apparent confusion on the subject, to point out that counsel for petitioner followed the better practice in objecting to the argument at the time it was made, since it was of such nature that its harmful effect could have been removed by instruction. Gulf C. & S. F. Ry. Co. v. Greenlee, 70 Texas 553, 8 S. W. 129; Ramirez v. Acker, 134 Texas 647, 138 S. W. (2d) 1054; Texas & N. O. R. Co. v. McGinnis, 130 Texas 338, 109 S. W. (2d) 160; Walker Ave. Realty Co. v. Alaskan Fur Co. (wr. ref.), 131 S. W. (2d) 196; City of Waco v. Rook et al, 55 S. W. (2d) 649. In the case first cited (opinion rendered more than fifty years ago, Justice Gaines writing) this Court said:

"An exception was taken to the language of one of the counsel for plaintiffs, used in the closing argument to the jury. The language was not objected to when uttered, and the judge states, in the bill of exceptions, that his attention was engrossed at the time in the preparation of his charge, and that he only heard one of the remarks of which complaint is made, and that this he promptly checked. Without passing upon the question whether the language is of such a character as would require a reversal under any circumstances, we will say that the remarks were not so plainly prejudicial to defendant as to demand that the verdict

be set aside, *in the absence of an objection by its counsel at the time the words were spoken."* (Italics ours).

While the duty rests upon the trial judge to prevent improper argument to the jury and he is not required to wait for objections to be made, the duty rests upon opposing counsel to object to argument not incurably improper unless he desires to waive it; unless, of course, the argument is such that instruction from the court would not cure it. It is pointed out in the McGinnis case that the argument was such that "had objection been made at the time, its withdrawal by counsel or his instruction of the court to disregard it would have rendered it harmless." In the Ramirez case Justice Sharp speaking for the Court, after referring to those cases in which "no instruction from the court would cure the error," pointed out that if the improper argument was such nature that its effect could be rendered harmless by withdrawal or by instruction, "the complaining party must object to such argument," and that "failure so to do waives the error."

Nor should blanket exceptions to anticipated prejudicial argument be allowed in advance by the trial court. The objection should be interposed at the time the improper argument is made. There should be no feeling of hesitancy on the part of counsel to object to prejudicial argument. A litigant's rights are thereby put in jeopardy and it should not be assumed that the trial judge will treat the objection as an interruption of the proceedings, or that he will toss it aside lightly, or rule perfunctorily upon it. Without quoting what was stated in this connection in Texas Company v. Gibson, 131 Texas 598, 116 S. W. (2d) 687, we reiterate by reference the statement there made.

On voir dire examination of the jury panel counsel for respondent stated that the case was filed under the provisions of the Federal Employers' Liability Act, and that assumed risk and contributory negligence of the complaining party were not available under the law as a defense. Later, counsel asked the members of the panel whether they had any prejudice against the law which does away with assumed risk and contributory negligence, and stated that under the Employers' Liability Act there was no defense of assumed risk and contributory negligence. Defendant moved that the panel be discharged and a mistrial be declared. The court overruled the motion. Both the statement of counsel and the question were improper and, without determining whether reversible error was committed, we suggest in view of another trial that the judge should have in-

structed the panel not to answer the question and to disregard the statement made as to the law.

The judgment of the Court of Civil Appeals affirming that of the trial court is reversed and the cause is remanded.

Opinion adopted by the Supreme Court, January 5, 1944.

Rehearing overruled February 2, 1944.