## WILLIAMS v. PETTIGREW.

### No. 15356.

Court of Civil Appeals of Texas.
Fort Worth.

July 3, 1952.

Rehearing Denied Sept. 19, 1952.

A. L. Crouch and Pat Lambert, Jr., both of Fort Worth, for appellant.

Fay W. Prescott, of Fort Worth, for appellee.

RENFRO, Justice.

Appellee Pettigrew brought suit against Carl Williams, doing business as Hillside Automotive Machine Shop, for personal injuries alleged to have been sustained by appellee as an employee of appellant Williams in employment subject to coverage by the workmen's compensation law, but at a time when appellant was not a subscriber under such law.

Appellee alleged appellant was negligent in knowingly furnishing him with a defective air compressor with which to work. Appellant plead that appellee was not his employee and that appellant was not negligent in furnishing said air compressor.

Based upon a jury verdict in appellee's favor, the trial court entered judgment for appellee, and the appellant presents this appeal.

In his first point of error appellant contends the trial court should have granted his motion for new trial on the ground of newly discovered evidence.

An affidavit by Wayne Hays, attached to the motion for new trial, states that he was bookkeeper for appellant and was present during the conversation between appellant and appellee, which culminated in their working agreement; that appellant, in the presence of appellee, told affiant the nature of the contract between them. Also attached to the motion was an affidavit by appellant, in which he stated that at the time of trial he did not remember Hays' being present at the meeting between himself and appellee.

In order to justify the trial court's granting a new trial on the ground of newly discovered evidence, the appellant must show (a) that such evidence was discovered too late to present at the trial; (b) that it was not due to lack of diligence on appellant's part; (c) that the testimony was material and not merely cumulative; and (d) that the evidence was so material it would probably, if believed, bring about a different verdict on another trial. 31 Tex. Jur., p. 91; Texas Employers Insurance Association v. Evers, Tex.Civ.App., 242 S. W.2d 906.

The proposed testimony of Hays was necessarily a repetition of the conversation which he heard between appellant and appellee and was substantially the same as the testimony given by appellant on the trial of the case. It was therefore merely cumulative. As shown by the affidavit, the testimony of Hays was not newly discovered evidence but was evidence which could easily have been procured by appellant if he had interviewed Hays prior to the trial. We think appellant failed to show diligence in not interviewing Hays, who was his bookkeeper at the time of the original agreement and was present at the time of the original conversation between appellant and appellee. We doubt also it was so material that it would probably bring about a different verdict on another trial.

The granting of a new trial on the ground of newly discovered evidence is.

largely within the discretion of the trial court and unless such discretion has been abused the ruling will not be disturbed on appeal. Mitchell v. Bass, 26 Tex. 372; Williams v. Southern Life & Health Ins. Co., Tex.Civ.App., 208 S.W.2d 574.

We think it clear the trial court did not abuse his discretion in overruling the motion on the ground of newly discovered evidence.

In points two and three, appellant complains of alleged improper cross examination by appellee's counsel.

While the appellant was on the stand he was asked by appellee's counsel if he had taken out workmen's compensation since Mr. Pettigrew got hurt, and while the witness Bell was on the stand he was asked if appellant had the air compressor repaired after the accident. No objection was made to either question or the answers thereto. The appellant thereby waived his right to now complain that such testimony was inadmissible. Barrera v. Duval County Ranch Co., Tex.Civ.App., 135 S.W.2d 518, error refused; 3 Tex.Jur., p. 188, sec. 126; Fulcher v. Young et ux., Tex.Civ.App., 189 S.W.2d 28, writ refused, w. m.; Seymour v. Texas & N. O. R. Co., Tex.Civ.App., 209 S.W.2d 814.

The remaining points complain of alleged improper jury argument.

In the closing argument of counsel for appellee, argument was made that "Williams operated the body shop there before * * * he is operating one there now * * * the same deal * * * the same equipment * * *." Appellant claims the assertions have no support in the record. We believe the argument is a reasonable deduction from the testimony of appellant's witness Bell.

In any event, no objection was made to the argument and if it was improper an instruction from the trial court would have cured any harm.

Appellant next complains that it was improper for appellee's counsel to read to the jury a definition of the term "independent contractor," not contained in the court's charge, and that appellee's counsel in his closing argument to the jury read from appellant's answer, commenting upon the fact that appellant plead several defenses in the alternative, and finally, in referring to the witness Bell, appellee's counsel said, "the man was between two fires. He wanted to tell you the truth but he did not want to lose his job."

No objection whatever was made to any of the argument hereinabove set out and no request made at any time to the trial court to instruct the jury to disregard same.

Where argument is of such a nature that if objection is made at the time so that counsel can offer an explanation or make such correction as will make such argument proper or harmless, or if the argument is of such a nature that its withdrawal by counsel or instruction by the court to the jury to disregard the same will cure the error and render the effect of the argument harmless, the complaining party must object to such argument and request the court to instruct the jury not to consider same and failure to do so waives the error. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; Wade v. Texas Employers Insurance Association, Tex.Sup., 244 S.W. 2d 197.

In the light of the record before us, including the complete jury arguments of appellant's attorneys as well as appellee's attorney, we are of the opinion that the above argument is such that any probable prejudice to appellant could have been cured by an instruction from the court. Prompt action on the part of the court would have removed the harmful effect, if any, of the argument.

Finally, appellant contends if none of the specific instances of alleged misconduct on the part of appellee's counsel standing alone would be sufficient to require a reversal, then a new trial should have been granted because of the cumulative effect of all such instances considered collectively.

The argument complained of being of such a nature that any harmful effect could have been cured by instruction from the court and no objection having been made to

any of said argument, we are of the opinion that no reversible error is shown and the trial court was justified in overruling the motion for new trial.

The judgment of the trial court is hereby affirmed.