DIEMEL, Plaintiff and Respondent, vs. WEIRICH, Defendant: FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.

*May 7—June 2, 1953.*

For the appellant there was a brief by *Schmitt & Gullickson,* and oral argument by *Leonard F. Schmitt* and *August G. Eckhardt,* all of Merrill.

For the respondent there was a brief by *O'Melia & Kaye,* attorneys, and *John F. O'Melia* of counsel, all of Rhinelander, and oral argument by *John F. O'Melia.*

CURRIE, J.  This appeal raises the issue of whether it was error for the trial court to refuse to instruct the jury that they could award no damages for future pain and suffering, as requested by counsel for appellant, and in instructing the jury in effect that it might award damages for future pain and suffering, but not for permanent disability.  The appellant contends that this constituted error because of the absence of any medical testimony to substantiate plaintiff's claim, based on her own testimony of purely subjective symptoms, that she would have future pain and suffering as a result of her injuries received in the accident.

This court in *Landrath v. Allstate Ins. Co.* (1951), 259 Wis. 248, 48 N. W. (2d) 485, stated (p. 257):

"In that case [*Wenneman v. Royal Indemnity Co.* (1947), 251 Wis. 630, 30 N. W. (2d) 250], upon a review of the record, the court was compelled to conclude that the evidence did not admit of the jury's award as damages for plaintiff's pain and suffering caused by an accident, and it was there ruled in effect that the award allowed could be warranted only where sufficient evidence other than the unsupported subjective statements of plaintiff existed."

The foregoing quotation again received our express approval in the recent case of *Karsten v. Meis* (1953), 263 Wis. 307, 57 N. W. (2d) 360.

The general rule followed in other jurisdictions as well as Wisconsin, is well stated in 20 Am. Jur., Evidence, p. 649, sec. 778, as follows:

". . . where the injury is subjective in character and of such nature that a layman cannot with reasonable certainty know whether or not there will be future pain and suffering, the courts generally require the introduction of competent expert opinion testimony bearing upon the permanency of such injury or the likelihood that the injured person will endure future pain and suffering before allowing recovery therefor."

We believe that sound public policy requires adherence to such rule. It is a rare personal-injury case indeed in which the injured party at time of trial does not claim to have some residual pain from the accident. Not being a medical expert, such witness is incompetent to express an opinion as to how long such pain is going to continue in the future. The members of juries also being laymen should not be permitted to speculate how long, in their opinion, they think such pain will continue in the future, and fix damages therefor accordingly. Only a medical expert is qualified to express an opinion to a medical certainty, or based on medical probabilities (not mere possibilities), as to whether the pain will continue in the future, and, if so, for how long a period it will so continue. In the absence of such expert testimony (which was

the situation in the instant case) the jury should be instructed that no damages may be allowed for future pain and suffering.

We, therefore, conclude that it was prejudicial error not to have given the requested instruction, and instead to have instructed the jury that they might take into consideration future pain and suffering in fixing the plaintiff Ida Diemel's damages.

Appellant raises other issues on the appeal. We have carefully considered the same but find no merit to appellant's contentions in respect thereto. We refrain from commenting thereon in this opinion because we believe that no useful purpose would be served thereby.

*By the Court.*—That part of the judgment appealed from is reversed and cause remanded for a new trial on the issue of damages only.