BALEN, d/b/a BALEN AND ASSOCIATES, Respondent, v. FRANKLIN, Appellant.

*September 29—October 27, 1964.*

250

For the appellant there were briefs by *Anderson, Bylsma & Eisenberg* of Madison, and oral argument by *Donald S. Eisenberg.*

For the respondent there was a brief by *Lawton & Cates* and *John C. Carlson,* all of Madison, and oral argument by *Mr. Carlson.*

BEILFUSS, J.   The issues resolve themselves into the single question—Is there credible evidence to support the verdict?

The defendant states that his basic contention is that the plaintiff architect is not entitled to compensation under any theory of law because of his failure to submit plans and specifications for the construction of a building in accordance with the cost maximum agreed to by the parties.   In support of this contention he cites several authorities [1] to the effect that where the owner specifies that a building is not to exceed a specified price and makes this fact known to the architect at the time of entering into the contract and the owner does not thereafter direct alterations which increase the price, the architect cannot recover for his services under the contract or upon *quantum meruit* unless he provides plans and specifications for a building that can be erected for the sum named.

The plaintiff does not dispute that this is a correct statement of the law on the facts as alleged by the defendant.

The plaintiff, however, insists this general principle has no application here for the reason that the jury found that the agreement of the parties was not conditioned upon the cost of the building amounting to no more than approximately $150,000.   We agree that the plaintiff cannot be denied compensation for his services (assuming the contract was otherwise substantially complied with) unless there was a building-cost limitation agreed to by the parties.   The issue, therefore, becomes—Is there any credible evidence which under a reasonable view supports the verdict?

As we stated in *Presser v. Siesel Construction Co.* (1963), 19 Wis. (2d) 54, 60, 119 N. W. (2d) 405:

"Citation of authority is not needed for the oft-quoted rule that the evidence must be viewed in the light most favorable

[1] 6 C. J. S., Architects, p. 310, sec. 14; 5 Am. Jur. (2d), Architects, p. 679, sec. 17; *Clas v. State* (1928), 196 Wis. 430, 220 N. W. 185.

to the verdict and if there is any credible evidence which under any reasonable view will sustain a verdict, which has the approval of the trial court, this court ought not upset it."

The jury found that the parties, on or about May 15, 1962, mutually agreed that the plaintiff was to perform the architectural services for the defendant, and further found that the parties did not agree to a building-cost limitation of $150,000.

Our review of the record convinces us that there is sufficient credible evidence to sustain these findings.

Under the facts as set forth above, the jury could reasonably conclude that the plaintiff and Shomberg had originally agreed that plans and specifications should be prepared for a building not to cost in excess of $150,000; they could further conclude that Shomberg so advised the defendant. The building that Shomberg and the plaintiff agreed should not exceed $150,000 was a building with 18 apartments and three underground offices. It appears without dispute that Shomberg ordered that the plans be revised to provide for a 21-unit apartment. Because of applicable building codes substantial changes were necessary. The apartments could not be below ground which meant a four-story rather than a three-story building. The building could not be of block construction as originally planned but must be constructed as a fire-resistant building. These and other changes, and selection of materials which unquestionably raised the ultimate cost, were discussed between the plaintiff and the defendant. Although the record does not reveal any specific discussion as to increased cost, the jury could infer that defendant knew or should have known that these changes would probably increase the cost of the building.

The jury could consider the defendant's affirmative response to the demand for fees as evidentiary of the fact that the parties had not agreed upon a cost limitation. It could

further consider the defendant's participation in the loan transactions as bearing on his credibility as a witness, insofar as cost limitations were concerned.

The verdict reveals that the jury affirmatively found that the parties did mutually agree upon the compensation to be paid for the architectural services and amount due the plaintiff under such agreement to be $5,358.18. These answers, too, are within the credible evidence of the case.

The plaintiff's statement of fees sent to defendant claimed $6,236.38. The plaintiff called the defendant by telephone on June 22d and advised the defendant that inasmuch as the construction of the building had been abandoned by the defendant, the fee for architectural services would not be six percent of the total as originally agreed upon but that his charges would be only for time and expense. The plaintiff testified that the defendant told him that he appreciated this consideration and to send him the bill. The letter of transmittal of June 25th accompanying the bill contained the statement, "I am submitting our statement indicating all our expenses incurred in connection with this building as we had discussed in our telephone conversation of June 22, 1962."

The statement reveals the architect's fee at six percent would have been $11,592.18, and at four and one-half percent $8,694.12, but the amount claimed upon a time and expense basis was $6,236.68. It is undisputed that Shomberg had paid the plaintiff $878.50 for work on the plans. This payment subtracted from the $6,236.68 leaves $5,358.18, the same amount as awarded by the jury. While the record may reveal additional credible evidence to support the verdict as to the agreement for compensation, the facts related are sufficient.

Upon motions after verdict the trial judge reviewed the evidence and approved the verdict. We agree this verdict

should be sustained and judgment entered thereon in behalf of the plaintiff.

The portion of the defendant's brief designated "Issues Involved" sets forth several other alleged trial errors as to the form of the verdict, instructions to the jury, and rulings on the evidence. The body of the brief advances no argument and cites no authorities in support of his position on such issues. Because no argument has been made on these issues, if they be such, we do not deem ourselves obligated to do more than briefly comment upon them. *Sawdey v. Schwenk* (1958), 2 Wis. (2d) 532, 87 N. W. (2d) 500.

The defendant's "issues" inquire as to whether it was error to submit a damage question on *quantum meruit* recovery and instruct the jury in that respect.

The jury was instructed in the verdict not to answer the *quantum meruit* damages question if it found damages based upon agreement between the parties. The jury, pursuant to that instruction, did not answer the *quantum meruit* damage question. While we do not intend to intimate it was error to submit the question and the instruction, the submission to the jury could not be prejudicial error for the reason the jury did not answer the question.

The defendant's statement of issue inquires as to whether it was error to admit Exhibits 9, 9A, and 18 into evidence. Exhibits 9 and 9A are the letter of transmittal and the statement of fees sent by plaintiff to defendant on June 25th. The letter contains a gratuitous statement to the effect that the building with a construction cost of $194,000 would be a profitable venture and that other persons were interested in the proposed building or the plans. While these portions of the letter were immaterial and could have, in the discretion of the trial judge, been obliterated or stricken, or the letter reproduced with objectional material omitted before it went to the jury, there is no showing that this information affected the jury and we do not deem it to be prejudicial.

Exhibit 18 was the mortgage-loan application. It was admissible if for no other reason than to challenge the credibility of the witness.

The defendant, through his counsel, upon oral argument, but not in his brief, contends that an architect by virtue of his skill and training has a legal fiduciary obligation to inform the owner of the probable costs during the planning stage. No authority for this contention was furnished to us, but more critically no request of any kind was made to the trial court for an instruction on this subject. The question cannot be raised in this manner nor at this time.

The plaintiff is entitled to judgment upon the verdict, together with his costs.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.