GRASSL, Respondent, v. NELSON, and another, Appellants.

*No. 75–87. Submitted on briefs November 5, 1976.*
*—Decided January 6, 1977.*
(Also reported in 248 N. W. 2d 403.)

110

For the appellants the cause was submitted on the brief of *Garvey, O'Brien, Anderson & Kelly* of Eau Claire.

For the respondent the cause was submitted on the brief of *Gavic, Richardson & Skow* of Spring Valley.

ROBERT W. HANSEN, J.   Defendant and his insurer make two claims on this appeal: (1) That the testimony of Dr. Albert Ficke was prejudicially allowed to reach the jury; and (2) that the award of damages made by the jury is excessive. Each claim will be considered separately.

## WAS THE DOCTOR'S OPINION PROPERLY ADMISSIBLE?

We answer this question in the affirmative.

The sharp focus of challenge is to the trial court's permitting the medical witness for the plaintiff, Dr. Albert Ficke, to state that in his opinion the plaintiff would have an increase in spinal curvature each year and would require treatment by reason of the injury

sustained in the accident, including a fusion operation. Such testimony was in direct conflict with that of the other medical witnesses who testified only that a premature degenerative arthritis in the area of the injury was probable. Such conflict in medical testimony was, of course, for the jury to resolve. In summarizing his opinion and in direct reply to a question from the trial court, Dr. Ficke stated in regard to his opinion as to probability of a future fusion operation:

"[I]t's based to a reasonable degree of medical probability that down the road, many years, a fusion is likely to be required."

As thus stated, the doctor was testifying as to his opinion, based on medical probabilities, as to future consequences of the injury sustained by the plaintiff. In this state our court has held that a medical expert is qualified " '. . . to express an opinion to a medical certainty, or based on medical probabilities (not mere possibilities), as to whether the pain will continue in the future, and, if so, for how long a period it will so continue.' " *Peterson v. Western Casualty & Surety Co.,* 5 Wis.2d 535, 540, 93 N.W.2d 433, 436 (1958), quoting *Diemel v. Weirich,* 264 Wis. 265, 268, 58 N.W.2d 651, 652, 653 (1953).

This rule comes within the general rule on testimony by experts providing that, if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, "a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Sec. 907.02, Stats. *See also: State v. Johnson,* 54 Wis.2d 561, 196 N.W.2d 717 (1972) ; *Rabata v. Dohner,* 45 Wis.2d 111, 124, 172 N.W.2d 409, 415 (1969) ; *Jacobson v. Greyhound Corp.,* 29 Wis.2d 55, 138 N.W.2d 133 (1965).

The disputed facts in the instant case concerned the extent of the personal injuries plaintiff sustained in the

accident. The task of the jury, as trier of fact, was to ascertain monetarily the future extent of injuries and their probable consequences resulting from the accident. In making this determination, it was proper and in fact necessary that expert testimony be admitted to help the jury, in the language of sec. 907.02, Stats., to "understand the evidence [and] to determine a fact in issue." It is true that Dr. Ficke initially testified only that it was a *medical possibility* that fusions would be required "down the road." Subsequently, as above noted, he stated that it was a *medical probability* that fusion would be required. Such earlier inconsistent statement, as highlighted by cross-examination, was material on the issue of credibility, but did not render the subsequent statement of opinion either inadmissible or one that the jury was obliged to find incredible.

It is also true that the trial court, on other questions asked and motions to strike made, held inadmissible inquiries or testimony of this witness as to his opinion on future consequences. But each tub stands on its own bottom. The challenge by these defendants cannot be to their own questions of plaintiff's witness, nor to the striking of answers given by such plaintiff's witness. The objection has to be, and is, to what was admitted into the record, not to what was excluded. Therefore we find reversible error was *not* committed by the trial court which, in effect, permitted the opinion testimony here challenged to become part of the record and go to the jury.

## WAS THE JURY AWARD OF DAMAGES EXCESSIVE?

We answer in the negative.

With our holding that challenged medical testimony concerning increasing scoliosis and future surgical fusion was properly admitted, much of the defendants' basis

for challenging the jury award of damages vanishes. There remains the general contention that the evidence in this record does not support the award of damages made.

The general rule is that the amount of damages to be awarded by a jury in a personal injury case " '. . . rests largely in the discretion of the jury, and with their verdict the courts are reluctant to interfere.' " *Moritz v. Allied American Mut. Fire Ins. Co.*, 27 Wis.2d 13, 22, 133 N.W.2d 235, 240 (1965), quoting 15 Am. Jur., *Damages,* sec. 205, page 621. In considering whether the jury's appraisal of damages for pain, suffering and disability is excessive, we must " '. . . view the evidence in the light most favorable to the plaintiff.' " *Id.* at 22, 133 N.W.2d at 240, quoting *Kincannon v. National Indemnity Co.*, 5 Wis.2d 231, 233, 92 N.W.2d 884, 885 (1958).

In deciding whether there is a reasonable basis for a jury determination, our court gives weight to the trial court's approval of the damage amount set by the jury. *Gleason v. Gillihan,* 32 Wis.2d 50, 59, 145 N.W.2d 90, 94 (1966). However that presupposes "that there has been some analysis of the evidence underlying the verdict and that such analysis appears in the trial judge's memorandum." *Ballard v. Lumbermen's Mut. Casualty Co.*, 33 Wis.2d 601, 606, 148 N.W.2d 65, 68 (1967). Here the trial court's denial of motions for reduction of damages was not accompanied by analysis of the evidence or appraisal of the verdict in any significant detail. Thus defendants contend we are required to review the evidence *ab initio. Id.* at 606, 607, 148 N.W.2d at 68, 69. However, even on *ab initio* review, we are required to ". . . resolve all conflicts in the testimony in a light favorable to supporting the jury's verdict, *i.e.,* is there any credible evidence to support it." *Id.* at 607, 148 N.W.2d at 69.

Here the award of damages made by the jury passes such test on review. What the jury had before it was the situation of a young 20-year-old girl who was perfectly healthy prior to the accident. In the accident she sustained what was described as a crushed, fragmented and partially displaced vertebra causing a curvature of the spine. At the time of trial she was still having trouble in bending, lifting, doing small tasks and standing too long. Such conditions are permanent and result in the 15 percent permanent disability which one doctor testified to, or 20 percent disability to which another doctor testified. Doctors testifying for plaintiff and for defendants agreed that plaintiff would develop painful degenerative arthritis at the site of the injury.

At the time of the accident, Patricia Grassl's height was five feet six and one-half inches, and at time of trial she was only five feet five inches. As a result of the accident she had curvature of the spine. This curvature of the spine is permanent. In addition, the jury had before it, properly we have held, the testimony of Dr. Albert Ficke that such spinal curvature would increase at approximately one-half degree per year, and that such increase gave rise to the medical probability of future pain and required treatment, including surgical fusion. With this and other testimony in this record as to "pain, suffering and disability in the future," we have no hesitancy in finding the jury verdict to be reasonable in the light of the record here established.

*By the Court.*—Judgment affirmed.